No. 90-259

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

KEVIN OLSON and PAM OLSON,

Plaintiffs and Respondents,

v

E. G. LONG,

Defendant and Appellant.

APPEAL FROM: District Court of the Twelfth Judicial District
In and for the County of Hill,
The Honorable Warner, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Terry L. Seiffert, Billings, Montana   59107

For Respondent:

Stephen R. Brown, Jr., Morrison, Young, Melcher,
Brown & Richardson, Havre, Montana   59501

Submitted:  September 13, 1990

Decided:  December 11, 1990

Filed:

Clerk

Justice William E. Hunt, Sr. delivered the Opinion of the Court.

E. G. Long appeals from the order of the Twelfth Judicial District, Hill County, denying his motion for change of venue. We affirm.

The sole issue raised on appeal is whether venue properly lies in Hill County.

The respondents commenced an action in Justice Court in Hill County, Montana, where they reside, against the appellant for the return of a security deposit, rent diminution, and attorney fees. The appellant was served with service of process in Yellowstone County, Montana, where he resides. He timely filed a motion to dismiss or in the alternative for change of venue under Rule 3(A)(1) and 3(B) of the M.J.C.Civ.P. The Justice Court denied the Motion pursuant to § 25-31-202, MCA. Trial was held in Justice Court and judgment entered against the appellant.

The appellant filed notice of appeal to the Twelfth Judicial District Court. He then filed a motion for change of venue. The court denied the appellant's motion for change of venue, stating that the motion should properly have been made at the appellant's first appearance. Appeal is taken from that order.

Does venue in this action properly lie in Hill County?

A rental agreement was executed between the appellant and the respondent on November 9, 1987. It stated in part:

Upon termination of the tenancy, Landlord will within 30 days deliver to Tenant a written list of any deductions from the Security Deposit and payment of the balance due to Tenant. Said list and payment will be mailed to the

2

new address of Tenant provided to landlord prior to moving.

Upon occupancy, the respondents delivered a security deposit in the amount of $300. On March 8, 1989, the respondents received a statement of deductions from their security deposit. On June 12, 1989, they filed a complaint in Justice Court in Hill County. The appellant contested the Hill County venue on the grounds that the performance of the agreement took place in Yellowstone County, the defendant resides in Yellowstone County, and that the obligation to pay, if there indeed was one, was incurred in Yellowstone County.

While defendant resides in Yellowstone County, and the property that is the subject of the litigation is located in Yellowstone County, performance of the agreement is not limited to the venue of the residence of the owner and the situs of the property under these facts. Section 25-31-202, MCA, controls actions based on contract or other obligation. That section provides as follows:

> When the defendant or all of the defendants, if there be more than one, reside in another county than that in which the right of action accrues and the action be for damages for violation of an express or implied contract or for money due on an express or implied contract, debt, note, or account, the action may be commenced and, subject to the right to change the place of trial, as provided in part 3 of this chapter, may be tried in the county in which such contract or obligation is to be or was to have been performed or such money is to be or was to have been paid or in which the defendant or any one of the defendants resides; and the county in which the obligation is incurred shall be deemed to be the county in which it is to be performed or paid unless there is a special contract to the contrary.

In the present case, because the contract states that the landlord shall remit the deposit to the tenants' new address, the place of performance is Hill County. The deposit return is a material contract provision. It specifies an obligation of one of the parties. The appellant's agreement to send the deposit to the respondents' new address is a "special contract." Venue is properly in Hill County.

Affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____

_____

_____
Justices

4